# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE M. RONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:18-cv-1482-CLS |
| ) | |
| CITY OF HUNTSVILLE, ) | |
| ALABAMA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This action is before the court on the motion to dismiss filed by defendant, City of Huntsville, Alabama.[1] Plaintiff, Stephanie M. Roney, asserts claims of sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; disability discrimination under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*; and interference with her rights and retaliation under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*[2] Defendant contends that the complaint filed by plaintiff is due to be dismissed because it fails to meet the standards of Federal Rules of Civil Procedure 8 and 10, and fails to state a claim upon which relief can be

---

[1] Doc. no. 8.

[2] Doc. no. 1 (Complaint).

granted under Rule 12(b)(6).[3]  In particular, defendant asserts that plaintiff has filed an impermissible "shotgun" pleading, in violation of Rules 8(a)(2)[4] and 10(b).[5]

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S. at 555].  Nor does a complaint suffice if it tenders "naked

---

[3] Doc. no. 8.

[4] That rule instructs that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (alteration supplied).

[5] Federal Rule of Civil Procedure 10(b) provides that:

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense.

*Id.* (ellipses supplied).

2

assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*., at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*., at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*., at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.*

*Iqbal*, 556 U.S. at 678-79 (emphasis supplied, first and third bracketed alterations supplied, second and fourth bracketed alterations in original).

So-called "shotgun" pleadings violate either Federal Rule of Civil Procedure 8(a)(2) — which requires "a short and plain statement of the claim showing that the pleader is entitled to relief" by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland v. Palm Beach Sheriff's Department*, 792 F.3d 1313, 1323 (11th Cir. 2015) (alterations supplied) — or the requirement of Rule 10(b) that discrete claims should be pled in separate counts. *See Anderson v. District Broad of Trustees*, 77 F.3d 364, 366-67 (11th Cir. 1996). The toleration of such complaints is said to work a "great disservice to the administration of civil justice." *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998).

The Eleventh Circuit has repeatedly condemned such pleadings. *See*, *e.g.*, *Davis v. Coca-Cola Bottling Co. Consolidated*, 516 F.3d 955, 979-80 & n.54 (11th

4

Cir. 2008) (collecting numerous cases), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *BMC Industries, Inc. v. Barth Industries, Inc.*, 160 F.3d 1322, 1326-27 n.6 (11th Cir. 1998); *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518-19 (11th Cir. 1991).

It is said that such pleadings waste scarce judicial resources, "inexorably broaden[ ] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." *Davis*, 516 F.3d at 981-83 (detailing the "unacceptable consequences of shotgun pleading") (alterations in original). *See also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).

The Eleventh Circuit's opinion in *Weiland*, *supra*, identified four categories of "shotgun" pleadings.

> Though the groupings cannot be too finely drawn, we have identified four rough types or categories of shotgun pleadings. **[*i*]** The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. **[*ii*]** The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. **[*iii*]** The third type of

5

shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief.  **[*iv*]** Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland*, 792 F.3d at 1321-23 (bracketed alterations supplied, footnotes omitted).

The Eleventh Circuit directs district courts to independently police the parties' pleadings, and,

> [w]hen a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court **must** *sua sponte* give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.  In the repleading order, the district court should explain how the offending pleading violates the shotgun pleading rule so that the party may properly avoid future shotgun pleadings.

*Vibe Micro*, 878 F.3d at 1296 (alteration and emphasis supplied, footnote omitted); *see also Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (reiterating that, when a complaint is due to be stricken on the ground that it violates the prohibition on "shotgun" pleadings, the plaintiff should be given "another opportunity to file a complaint that passes muster," but only *after* the district court "point[s] out the defects in the complaint") (alteration supplied) (citing *Vibe Micro*, 878 F.3d at 1295).

Here, plaintiff has pled multiple counts, each of which incorporates all of the

preceding allegations (and counts):[6] a practice condemned by the Eleventh Circuit. *See, e.g.*, *Weiland*, 792 F.3d at 1322 & n.12.[7] That defect, in itself, causes confusion to the defendant and the court, and is enough to require plaintiff to amend her complaint. As defendant aptly emphasizes, plaintiff should instead provide "specific, discrete grounds supporting each of [her] claims."[8]

Also troubling is plaintiff's inclusion of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Laying aside plaintiff's characterization of the allegations contained in paragraphs 12 through 16 as "Background Information," there is no factual specificity from which the court or the defendant can evaluate the events or actions leading to this lawsuit. For

---

[6] *See* doc. no. 1 (Complaint).

[7] Footnote 12 cites the following opinions: *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count"); *Cramer v. Florida*, 117 F.3d 1258, 1261 (11th Cir. 2015) (describing the complaint at issue as "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that these appellants are claiming"); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 164 (11th Cir. 1997) (describing a complaint that "offered vague and conclusory factual allegations in an effort to support a multiplicity of discrimination claims leveled against 15 defendants" as a "prototypical 'shotgun complaint'"); *Anderson v. District Bd. of Trustees of Central Fla. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996) (complaint was "perfect example of 'shotgun' pleading in that it [was] virtually impossible to know which allegations of fact [were] intended to support which claim(s) for relief") (citation omitted, alterations supplied); *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.*, 63 F.3d 1030, 1046 n.51 (11th Cir. 1995) (characterizing the complaint at issue as "a quintessential shotgun pleading, replete with vague and cursory allegations"); and *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir.1991) ("[Plaintiff's complaints] are quintessential 'shotgun' pleadings, replete with factual allegations that could not possibly be material to any of the causes of actions they assert.") (alteration supplied).

[8] Doc. no. 23 (Reply Brief in Support of Defendant's Motion to Dismiss), at 4 (emphasis omitted & alteration supplied).

example, plaintiff alleges that during her assignment to the Natatorium, which dated from sometime in 2004 until some later, but unspecified, date, "she was subjected to a sexually hostile work environment by her supervisor, Mick Roney."[9] This is a forbidden conclusory allegation, shedding no light on her claims in any way. Likewise, she alleges that she "was also subjected to a racially hostile work environment by Mick Roney and a co-worker, Pat McCool. . . . McCool also wrote racially and sexually offensive statements on the white board at the Natatorium."[10] Again, these are conclusory statements that are without value in determining the basis of plaintiff's claims, even as "background information." The remaining paragraphs in that section of the complaint also suffer from vagueness and a lack of connection to the causes of action asserted by plaintiff: she does not identify the Human Resources employee to whom she allegedly reported Roney and McCool's offensive conduct, or the date on which she did so;[11] she does not provide the date or dates on which she was disciplined by Roney and McCool;[12] and her allegation that "McCool further retaliated by swearing out a warrant for Plaintiff's arrest, which resulted in

---

[9] Doc. no. 1 (Complaint), at ¶ 13. Nor does she state whether she is related to Mick Roney, with whom she shares a surname.
[10] *Id.* at ¶ 14.
[11] *Id.* at ¶ 15
[12] *Id.* at ¶ 16.

Plaintiff's arrest," is entirely mysterious.[13]

The factual allegations described as "Subsequent Events Forming the Basis of Plaintiff's Current Claims" similarly suffer from vagueness. As an example, the complaint alleges that "[t]he City of Huntsville applied and/or failed to properly follow its policies and procedures in regard to Plaintiff's employment compared to non-disabled, male employees or employees who had not complained of discrimination or used Family and Medical Leave, in similar positions."[14] Likewise, plaintiff's allegation that "[t]he City of Huntsville failed to provide Plaintiff with reasonable accommodations for her disability and/or retaliated against her because of her disability" is conclusory and vague. Further, it is unclear from the complaint whether plaintiff's employment was terminated or whether she remains employed by defendant.[15]

For all of the foregoing reasons, this court concludes that plaintiff's complaint is an impermissible "shotgun" pleading, and that the motion to dismiss filed by the City of Huntsville is due to be granted. In light of Eleventh Circuit precedent, however, plaintiff will be afforded one opportunity to cure the defects discussed in

---

[13] *Id.*

[14] Doc. no. 1 (Complaint) ¶ 32.

[15] *Compare id.* ¶ 24 (plaintiff's termination "was reversed") *with* ¶¶ 42-43 (claiming plaintiff lost wages and is entitled to back pay) and ¶ 61 ("[p]laintiff was willfully terminated after taking leave for medical treatment").

this opinion by way of filing an amended complaint. *See*, *e.g.*, *Vibe Micro*, 878 F.3d at 1296.

A separate order, in accordance with the discussion contained in this memorandum of opinion, will be entered contemporaneously herewith.

**DONE** this 4th day of December, 2018.

_____
United States District Judge